IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel Wise,                          :

    Plaintiff,                     :

  v.                                  :     Case No. 2:09-cv-0082

Steubenville Police Department,       :     JUDGE HOLSCHUH

    Defendant.                     :

<u>REPORT AND RECOMMENDATION</u>

On February 2, 2009, plaintiff Daniel Wise filed a complaint against the Steubenville Police Department and sought leave to proceed <u>in forma pauperis</u>. For the following reasons, the Court will recommend that the application to proceed <u>in forma pauperis</u> be granted and that the complaint be dismissed as frivolous.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." <u>Id</u>. at 328; <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be

granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  Pro se complaints are to be construed liberally in favor of the pro se party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

According to the complaint, Mr. Wise was stopped by the Steubenville police while he was walking through an area of town formerly known as Market Square.  The police questioned him regarding a disturbance which involved breaking glass.  Mr. Wise told the police that he didn't have any knowledge of the disturbance but the police continued to "harass him."  The police told Mr. Wise he was free to go, but when he started walking home he was arrested.  Mr. Wise states that he "wasn't found guilty in court of law by witness doing something on property ...."  Despite this, however, Mr. Wise claims that his housing manager was told that he was found guilty regarding this disturbance apparently based on a witness's testimony.  Mr. Wise claims that his civil rights were violated and that he was discriminated against.  Mr. Wise seeks $50,000.00 in damages.

After considering these allegations, the Court concludes that Mr. Wise has failed to state a claim upon which relief can be granted.  Specifically, Mr. Wise has failed to allege any facts reasonably suggesting that his claims arise under federal law.  The complaint does not allege any facts indicating a violation of Mr. Wise's due process or any other civil rights by any Steubenville police officer.  The Court is "not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief." Fish v. Murphy, 22 Fed.Appx. 480, 482 (6th Cir. 2001) (citing Lillard

v. Shelby County Bd. of Educ., 76 F.3d 716, 726-27 (6th Cir. 1996)).

To the extent that Mr. Wise is claiming that the police department provided inaccurate information to his housing manager, he does not indicate any adverse actions he suffered as a result of this alleged action. Further, it is unclear to the Court whether Mr. Wise is claiming that he was not found guilty on any charges relating to the disturbance or whether he is claiming that he was convicted on evidence other than eye witness testimony. Regardless, to the extent that Mr. Wise's filing could even generously be construed as an attempt to appeal any state court conviction, this Court would not have jurisdiction over such an action. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Moreover, Mr. Wise has not stated a claim for damages arising from any conviction. See Heck v. Humphrey, 512 U.S. 477 (1994)(A claim for damages relating to a conviction that has not been invalidated is not cognizable under §1983).

Additionally, to the extent that Mr. Wise's statements could be construed as asserting that he was not convicted of any crime relating to the disturbance, it is unclear to the Court whether such a statement is intended as a challenge to his arrest. However, the allegations of the complaint, taken as a whole do not suggest an assertion by Mr. Wise that the Steubenville police violated his constitutional rights by arresting him without probable cause.

Absent a claim that the defendants violated Mr. Wise's rights either under some federal law, or that they violated his federal constitutional rights, the Court simply lacks jurisdiction to hear his claim. See 28 U.S.C. §§1331, 1343. "Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28

U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)." Young v. Scharf, 2007 WL 2123767 (S.D. Ohio July 20, 2007) at fn. 1 (citing Carlock v. Williams, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999)).

III.

Based on the foregoing, it is recommended that the application to proceed in forma pauperis be granted. It is further recommended that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction and that a copy of the complaint and the Court's dismissal order be mailed to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981)

/s/ Terence P. Kemp
United States Magistrate Judge